**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4502**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

CORRY RONDEL REAMS,

    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:19-cr-00525-WO-7)

Submitted:  August 19, 2021      Decided:  August 23, 2021

Before GREGORY, Chief Judge, FLOYD and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael W. Patrick, LAW OFFICE OF MICHAEL W. PATRICK, Chapel Hill, North Carolina; Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant.  JoAnna Gibson McFadden, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corry Rondel Reams pled guilty, pursuant to a written plea agreement, to one count of conspiracy to distribute a mixture containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846, and one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The district court sentenced Reams to a total of 120 months' imprisonment and 5 years of supervised release. His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal and reviewing the relevant proceedings. Although informed of his right to file a supplemental pro se brief, Reams has not done so. The Government declined to file a brief and did not move to enforce the appellate waiver in Reams' plea agreement.* We affirm.

Prior to accepting a guilty plea, a court must conduct a plea colloquy in which it informs the defendant of, and ensures that the defendant understands, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). The court also must ensure that the defendant's plea is voluntary, supported by a sufficient factual basis, and not the result of force, threats, or extrinsic promises. Fed. R. Crim. P. 11(b)(2)-(3); *Williams*, 811 F.3d

---

* Because the Government has not moved to enforce the appellate waiver, we conduct a full review pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

at 622; *see also United States v. DeFusco*, 949 F.2d 114, 119-20 (4th Cir. 1991). A guilty plea is valid if the defendant knowingly, voluntarily, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted).

Because Reams did not move to withdraw his guilty plea, we review the adequacy of the Rule 11 hearing for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To prevail under the plain error standard, Reams "must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights." *Id*. at 816. "In the Rule 11 context, this inquiry means that [Reams] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *Id*. (internal quotation marks omitted). We conclude that the district court substantially complied with Rule 11 and that any omissions did not affect Reams' substantial rights. Moreover, the district court ensured that Reams entered the plea knowingly and voluntarily and that sufficient facts supported the plea. *See Fisher*, 711 F.3d at 464 (summarizing standard as to the voluntariness of guilty pleas). Accordingly, we affirm Reams' convictions.

We review a sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id*. at 51. In determining procedural reasonableness, we consider, among other things, whether the district court properly calculated the defendant's Sentencing Guidelines range. *Id*. If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing]

into account the totality of the circumstances . . . ." *Id.* "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

At sentencing, the district court adopted Reams' correctly calculated Guidelines range of 57 to 71 months' imprisonment for the cocaine conspiracy offense, resulting from a total offense level of 25 and a criminal history category of I, and mandatory minimum consecutive term of 60 months' imprisonment for the firearm offense. The court afforded counsel an opportunity to argue regarding an appropriate sentence, and afforded Reams an opportunity to allocute. The court engaged with counsel and Reams over whether Reams' age and supportive family were mitigating factors, but ultimately rejected the arguments because Reams committed the offenses notwithstanding his age and family ties. Finally, the court weighed the 18 U.S.C § 3553(a) factors it deemed most relevant, particularly Reams' minimal criminal history, the serious nature of the offenses, the need for deterrence, and protection of the public from further crimes. We conclude that Reams has failed to rebut the presumption of reasonableness that we afford his within-Guidelines sentence. Thus, Reams' sentence is procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Reams, in writing, of the right to petition the Supreme Court of the United States for further review. If Reams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may

4

move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Reams.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*